USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/09

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re THE RESERVE FUND SECURITIES AND DERIVATIVE LITIGATION | 09 MD. 2011 (PGG) |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RESERVE MANAGEMENT COMPANY, INC., RESRV PARTNERS, INC., BRUCE BENT SR., and BRUCE BENT II,<br><br>Defendants,<br><br>and<br><br>THE RESERVE PRIMARY FUND,<br><br>Relief Defendant. | **ECF CASE**<br><br>09 Civ. 4346 (PGG)<br><br>**ORDER** |

PAUL G. GARDEPHE, U.S.D.J.:

For the reasons set forth in the accompanying Memorandum Opinion dated November 25, 2009, it is HEREBY ORDERED:

1. The Primary Fund's Plan of Liquidation, announced on December 3, 2008, is hereby enjoined.

2. <u>Pro Rata Distribution:</u> The remaining assets of the Primary Fund shall be liquidated and distributed on a <u>pro rata</u> basis to all Primary Fund shareholders who have not received $1.00 per share owned on or after September 15, 2008 (the "Unpaid Shareholders"), <u>provided however</u>, that those amounts set aside in the Expense Fund shall be withheld from distribution, as detailed below.

a. Unpaid Shareholders who bought Primary Fund shares after 3 p.m. on September 16, 2008 shall receive no more than the amount paid by such Unpaid Shareholder for each such share purchased;

b. Distributions made to investors who were paid by the Primary Fund for a portion of their shares at a $1.00 NAV on September 15, 2008 should be offset such that their total per share recovery does not exceed that of any other investor participating in the final pro rata distribution. This offset is applicable only where the specific party that received payment on September 15, 2008, is identical to the party participating in the final distribution.

3. Injunction. All persons having actual knowledge of this Order, and any of their respective officers, agents, servants, representatives, employees, and anyone acting in concert with any of them are hereby permanently enjoined and restrained from commencing or maintaining any action or proceeding of any kind in which is asserted any claim, whether actual or contingent, matured or unmatured, directly or indirectly, against the Primary Fund or any of its Indemnitees (as defined below), that seeks an award that would be payable or subject to indemnification by the Primary Fund, provided however, that this paragraph shall not apply to any claim asserted by any State regulator other than those that are derivative of any Unpaid Shareholder's claim.

4. Review of Claims: The Court will refer this matter to a magistrate judge or appoint a monitor to review any claims by the Primary Fund's adviser or distributor for management fees and expenses associated with the Primary Fund, and any claims by Indemnitees for Indemnification Expenses (as defined below). The magistrate judge or monitor will recommend to the Court (i) an amount appropriate to pay in full satisfaction of the claimed management fees and expenses; and (ii) in the case of Indemnification Expenses claims, an

amount appropriate to pay with regard to past and future expenses associated with claims for non-indemnifiable conduct. The magistrate judge or monitor shall oversee the payment of such claims out of the Expense Fund (as defined below) as shall be approved by the Court, as provided below.

    5.    <u>Expense Fund.</u>    Eighty-three million, five hundred thousand dollars ($83,500,000) shall be set aside initially from the total assets of the Primary Fund and shall not be distributed until further Order of the Court (the "Expense Fund"). This amount shall be subject to adjustment as set forth in Paragraph 5(d)(iii) below.

    a.    <u>Indemnification Expenses.</u>    "Indemnification Expenses" shall include amounts claimed by Indemnitees, whether as advancement or reimbursement, and presented to the Court for determination of what is appropriate and payable for:

    (i)    reasonable litigation expenses that may be incurred by State Street Bank and Trust Company to the extent indemnifiable by the Primary Fund pursuant to Section 15 of the Master Custodian Agreement, dated March 7, 2008, and the Amendment to the Master Custodian Agreement, dated April 22, 2008;

    (ii)    reasonable litigation expenses that may be incurred by any Indemnitee as defined in the SEVENTH Declaration, Paragraph 11, of the Amendment Number Two to, and Restatement of, The Declaration of Trust, made December 10, 1986 of The Reserve Fund (the "Declaration of Trust"), and to the extent payable pursuant to the terms of the SEVENTH Declaration, Paragraph 11;

    (iii)    reasonable litigation expenses that may be incurred by Resrv Partners, Inc. to the extent indemnifiable by the Primary Fund pursuant to Paragraph 8(b) of the

Distribution Agreement, dated July 30, 2007, between The Reserve Fund and Resrv Partners, Inc.; and

    (iv)  reasonable litigation expenses that may be incurred by any other party who establishes that he, she or it is entitled to common law or implied indemnification by the Primary Fund.

  b.  <u>Indemnitee(s).</u> For the purposes of this Order, State Street, those persons or entities claiming indemnification under the Declaration of Trust, implied indemnification or indemnification under the common law, and Resrv Partners, Inc., are each an "Indemnitee" and are collectively the "Indemnitees."

  c.  <u>Procedure for Making Claims Against the Expense Fund.</u>

    (i)  Any and all claims by the Primary Fund's adviser or distributor for past management fees and expenses associated with the Primary Fund <u>must</u> be brought within 30 days of entry of this Order, or they will be forever barred. The magistrate judge or monitor shall review such claims and, as soon as is practicable, shall submit a report and recommendation to the Court, with copies served on the Commission and the Primary Fund's adviser and distributor, setting forth those claims he or she determines to be appropriate and payable. The Court shall determine the amounts appropriate and payable on such claims, if any, and direct that payment from the Expense Fund be made in such amounts. Nothing herein shall limit the Commission's right to seek to recover any amounts paid to the Primary Fund's adviser or distributor as management fees and expenses in connection with its pending action against those entities.

    (ii)  Within 45 days of entry of this Order, any Indemnitee must provide the magistrate judge or monitor with good faith estimates of his, her or its respective reasonable Indemnification Expenses based on the claims already filed. Within 15 days after the

filing of any new claim for non-indemnifiable conduct, any Indemnitee must provide the magistrate judge or monitor with good faith estimates of his, her or its respective reasonable Indemnification Expenses associated with this claim. The magistrate judge or monitor shall determine whether and to what extent such expenses would be indemnifiable and appropriate for advancement, and, upon consideration of all claims for indemnification, and as soon as is practicable, shall submit a report and recommendation to the Court, with copies served on the Commission and any such Indemnitee, setting forth the amounts he or she determines appropriate to set aside for Indemnification Expenses. The Court shall determine which claims should be honored. Once such amounts are determined by the Court, the magistrate judge or monitor shall have the authority to make such payments to Indemnitees from the Expense Fund consistent with the Court's determination without further order of the Court.

(iii) After reviewing all claims for indemnification and for management fees and expenses made within 45 days after entry of this Order and as soon as is practicable, the magistrate judge or monitor shall submit a report and recommendation to the Court, with copies served on the Commission, the Primary Fund's adviser and distributor, and any Indemnitees seeking indemnification payments, setting forth whether the claims he or she deems payable and appropriate dictate that the amount set aside in the Expense Fund should be modified. The Court shall determine whether the Expense Fund should be modified.

d. he proceeds of Investment Management Insurance Policy No. 427-32-65, issued by National Union Fire Insurance Company of Pittsburgh, Pennsylvania (the "Insurance Proceeds"), shall be held in a joint account of RMCI, the Fund, and the Independent Trustees, and shall be distributed pursuant to the terms and conditions of the Policy and applicable law. If the insureds are unable to reach agreement within 14 days after this Order is entered as to the

allocation of the Insurance Proceeds, then any insured may request that the magistrate judge or monitor determine that allocation and submit a report and recommendation to the Court with respect thereto. Once the Court has determined the allocation of the Insurance Proceeds, the proceeds allocated to the Fund and the Independent Trustees shall be deposited in the Expense Fund. The Insurance Proceeds shall be exhausted before any other monies are advanced from the Expense Fund.

    e. If funds remain in the Expense Fund after the Court has determined the amounts to be paid as Indemnification Expenses and management fees and expenses, the magistrate judge or monitor shall seek the Court's approval to distribute, as practicable, remaining funds in the Expense Fund to the Unpaid Shareholders on a pro rata basis.

   7. Commission Recovery. If the Commission is successful in recovering any amounts in an award of disgorgement (including fees paid to the Defendants by the Primary Fund since September 15, 2008) or penalties from Defendants in this action, it will turn over such recovery for distribution, to the extent it is permitted to do so under the Fair Fund provisions of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7246, and the magistrate judge or monitor shall seek the Court's approval to distribute, as practicable, any such recovery to the Unpaid Shareholders on a pro rata basis.

   8. Notice of this Order. Within 10 days after entry of this Order, (i) the Commission shall post a copy of this Order and the accompanying Memorandum Opinion to its web site and serve all parties to the MDL Litigation, and all those who have submitted objections or amicus briefs by sending a copy of the Order and the accompanying Memorandum Opinion to each of them by overnight mail; and (ii) the Primary Fund shall post a copy of this Order and the accompanying Memorandum Opinion to its web site and serve all record owners of shares in the

Primary Fund as of September 15, 16, 17, or 18, 2008, by mailing a copy of the Order and the accompanying Memorandum Opinion to each of them.

Dated: New York, New York
November 25, 2009

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge